TREVOR J. HATFIELD, ESQ
Nevada Bar No. 7373
HATFIELD & ASSOCIATES, LTD.
703 S. Eighth Street
Las Vegas, Nevada 89101
Telephone: (702) 388-4469
Facsimile: (702) 386-9825
Email: *thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CICILIA ESTUDIANTI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BOWIN ASSOCIATES, LLC, a Nevada Limited-Liability Company doing business as BUFFET AT ASIA II; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive;<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT**<br>[JURY TRIAL DEMANDED] |

COMES NOW, Plaintiff, CICILIA ESTUDIANTI, (hereinafter, "Plaintiff"), by and through her counsel, the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendants as follows:

## **NATURE OF THE ACTION**

This is an FLSA case pursuant to 29 U.S.C. §§ 201 *et seq.* and supplemental Nevada law to remedy unpaid wages, unpaid overtime and unlawful employment practices and damages suffered by Plaintiff, and other similarly situated non-exempt employees.

///

///

///

///

## **PARTIES**

1. At all times relevant hereto, Plaintiff, residing in Las Vegas Nevada, was a non-exempt employee employed at BOWIN ASSOCIATES, LLC, a Nevada Limited-Liability Company doing business as BUFFET AT ASIA II (hereinafter "Defendant") as a hostess and as a server. Defendant is in the buffet restaurant business and specializes in Asian food. Defendant is an "employer" as defined by the FLSA and by federal common law.

2. Plaintiff worked over 40 hours per week and 8 hours per day but was failed to receive all overtime compensation to which she was entitled for hours worked over 40 hours per week or 8 hours per day.

3. Plaintiff consents to sue with respect to her FLSA claim for relief against Defendant pursuant to § 216(b) of the FLSA and hereby seeks relief under that provision. Other similarly situated non-exempt employees may elect to join this collective action if given proper notice of the pendency of the action and an opportunity to participate by "opting in." Consents to sue on behalf of additional FLSA Collective Members may be filed as this litigation progresses.

4. All of the acts alleged herein and or failures alleged herein were duly performed by and or are attributable to Defendant, acting by and through its agents and employees. Said acts and or failures to act were within the scope of said agency and or employment, and Defendant ratified said acts and or omissions.

5. The true names or capacities, whether individual, corporate, association or otherwise, of Defendant DOES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who therefore sues said Defendant by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendant designated herein as a DOE and a ROE CORPORATION are responsible in some manner for the events and

happenings referred to and caused damages proximately to the Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend her Complaint to insert the true names and capacities of DOES I through X, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendant in this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is predicated upon 28 U.S.C. § 1331 and 1343(3) to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. Specifically, Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. (the FLSA). This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

7. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b)(1) and (2), wherein Defendant resides and/or regularly conducts business and where all of the wrongful conduct is alleged to have occurred.

8. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. § 1411.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant as a hostess and food and beverage server at Defendant's buffet restaurant located at 2380 South Rainbow in Las Vegas, Nevada for approximately 10 years' time. Plaintiff worked as a hostess on Saturdays and she worked as a server Sundays through Wednesdays.

10. Plaintiff is a native of Indonesia. She immigrated to the United States about 17 years ago.

///

11. She worked approximately 11.5 hours per day, Sunday through Wednesday or 46 hours per week off the clock. She was paid $35.00 per day flat, sometimes in cash and sometimes via a payroll check. This compensation by check was made once a month.

12. Plaintiff also worked as a hostess every Saturday for a 9-hour long shift. She was paid $7.00 per hour plus $30.00 in cash from tips left by customers.

13. Defendant did not maintain a time clock. Whoever worked as a hostess clocks all employees in and out. An employee's hours are input with a code into a computer by the hostess on duty, but the actual hours worked are not reflected in payroll checks and not reflected in cash payments to the employees.

14. Defendant did maintain a log book which reflects a daily log of tips (gratuities left by customers) collected by management. Tips are pooled. Management deducted 20% of tips Monday through Thursday and 30% is deducted Friday through Sunday. In addition, management deducts $25.00 each weekday and $30.00 each weekend day from tips pooled.

15. Plaintiff is non-exempt. Plaintiff brings these claims individually and on behalf of all non-exempt employees subject to Defendant's time-and-attendance practices.

16. On or about July 20, 2018 Plaintiff made a demand for unpaid wages upon Defendant but satisfactory payment was not received. In fact, Defendant did not respond to Plaintiff's demand.

## CLASS ALLEGATIONS

17. Plaintiff is, generally, current or former non-exempt employees, *i.e.*, not paid a salaried wage. Upon information and belief, Defendant manipulates all of their non-exempt employees' time worked to ensure it does not pay minimum wage and overtime wages.

///

///

18. Plaintiff brings her claim for relief for violation of the FLSA as an "opt-in" collective action pursuant to § 216(b) of the FLSA on behalf of all persons who were, are or will be employed by Defendant as non-exempt employees subject to Defendant's wage-and-hour practices because they were both non-exempt employees, subject to Defendant's general time-and-attendance policies.

19. Questions of law and fact common to the FLSA Collective Members as a whole include, but are not limited to, the following:

a. Whether Defendant unlawfully failed and continues to fail to pay overtime compensation in violation of the FLSA;

b. Whether Defendant's failure to pay overtime to its non-exempt FLSA Collective Plaintiffs was willful within the meaning of the FLSA;

c. Whether Defendant failed and continues to fail to maintain accurate records of actual time worked by the FLSA Collective Members and prospective FLSA Collective Members;

d. Whether Defendant failed and continues to fail to maintain accurate records of actual time worked by the FLSA Collective Plaintiffs and prospective FLSA Collective Members;

e. Whether Defendant failed and continue to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the FLSA Collective Plaintiffs and prospective FLSA Collective Members;

f. Whether Defendant's time-and-attendance policy discussed above, is a company-wide policy that affects all non-exempt employees, who have had their time reduced by Defendant.

20. Plaintiff and FLSA Collective Members are similarly situated, have substantially similar job requirements, and pay provisions, and are subject to Defendant's common practice, policy or plan of refusing to pay minimum wage and overtime in violation of the FLSA and/or requiring employees to work-off-the-clock and are subject to Defendant's time-and-attendance

policies that deprives all Plaintiff, and others similarly situated, minimum wage and overtime worked.

21. Plaintiff's Claims for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA, for all claims asserted by the Plaintiff and the FLSA Collective Members (FLSA claims) because Plaintiff's claims are similar to the claims of the members of the prospective FLSA Collective Members.

22. While the exact number of FLSA Collective Members is unknown to Plaintiff at present, based on information and belief, there are more than 50 such members. A collective action is the most efficient mechanism for resolution of the FLSA Collective Members' claims.

23. The FLSA Collective Members, on behalf of whom Plaintiff brings this "opt-in" action, are similarly situated because they have been or are employed in similar positions and were subject to the similar unlawful practices as the individually named Plaintiff.

24. The number and identity of other Plaintiffs yet to opt-in and consent to be a Plaintiff may be determined from the records of Defendant and potential Plaintiffs may be notified of the pendency of this action utilizing Defendant's payroll records. At all times during the FLSA Collective Period, all of the FLSA Collective Members were employed in the same or similar job as Plaintiff and were paid in the same manner and under the same standard employment procedures and practices as Plaintiff.

25. During the FLSA Collective Period, Defendant knew Plaintiff and FLSA Collective Members were working uncompensated minimum wage and overtime.

26. Defendant's violations of the FLSA, § 207, were repeated, intentional and willful.

27. Plaintiff and FLSA Collective Members have been damaged by Defendant's FLSA § 207 violations.

///

28. Pursuant to §§ 207(a) and 216(b), Defendant is liable to Plaintiff and the FLSA Collective Members for the full amount of all their unpaid minimum wages, including overtime, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs of the Plaintiff and FLSA Collective Members who affirmatively "opt-in" to this collective action.

29. In addition, an action under § 216(b) is superior to other available methods for the fair and efficient adjudication of this controversy since the damages suffered by the individual members of the FLSA Collective Action may be relatively small, and the expense and burden of the individual redress would make it impossible for such FLSA Collective Members to individually redress the harms.

30. Moreover, because of the similarity of the FLSA Collective Members' claims, individual actions would present the risk of inconsistent adjudications, subjecting both employees and Defendant to incomparable standards of conduct.

31. Plaintiff is currently unaware of the identities of all the FLSA Collective Members. Accordingly, Defendant should be ordered to provide Plaintiff with a list of all persons, inclusive of phone numbers and addresses of all persons employed by Defendant for the past three years' time that were non-exempt employees subject to Defendant's time-and-attendance policies. That would allow FLSA Collective Members notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

**FIRST CLAIM FOR RELIEF**

**(Violation of the Fair Labor Standards Act – Wages on Behalf of Plaintiff, And All Others Similarly Situated)**

32. Plaintiff realleges and reincorporates each allegation set forth above.

///

///

33. Plaintiff consents to sue in this action pursuant to § 216(b) of the FLSA. Additional potential FLSA Collective Members may execute and file forms consenting to "opt-in" and joining as a Plaintiff in this collective action.

34. This claim arises from Defendant's violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay Plaintiff overtime wages and all others similarly situated for all time worked in excess of forty (40) hours in individual work weeks.

35. At all times material hereto, Plaintiff was employed by Defendant as an "employee" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

36. Plaintiff, and all others similarly situated, was not compensated for time worked during after their shift.

37. Defendant has a policy, program or practice it implemented to fail or refuse to pay employees' time worked over forty (40) hours per week to avoid overtime.

38. In truth, Plaintiff repeatedly worked more than forty hours per week. By her estimate, she worked at least 6 hours per week overtime for which she was not compensated.

39. Defendant failed to keep accurate records of time non-exempt employees worked, in violation of 29 C.F.R. § 516.2 *et seq.*

40. Defendant manipulated Plaintiff, and others similarly situated, to work over forty (40) hours per week. Defendant preyed upon Plaintiff and others similarly situated because of fear of unemployment and potential issues with immigration officials and authorities due to immigration and minority status.

41. At all times relevant, Plaintiff, and all others similarly situated, were employed by Defendant in non-exempt positions and are entitled 1.5 times their regularly rate in overtime wages for all hours worked over 8 hours per day and 40 hours in a week pursuant to 29 U.S.C. § 207.

42. Plaintiff, and all others similarly situated, were subject to a companywide policy that purposefully, or alternatively negligently, deprived them overtime wages for at least the past three years for un-clocked work or off-the-clock work performed that benefited Defendant. Upon information and belief, this practice of failing to pay employees and effectively forcing them to work off-the-clock is common practice throughout all of Defendant's properties.

43. On average, Plaintiff worked about 6 hours overtime, per week, for Defendant in the past three years.

44. Defendant did not compensate Plaintiff and those similarly situated at a rate of 1.5 times her regular hourly rate of pay for all time worked in excess of 8 hours per day and 40 hours in individual workweeks, as required by the FLSA.

45. Defendant's refusal and failure to pay lawful wages, including overtime wages, to Plaintiff and those similarly situated for all time worked in excess of 40 hours per week violated 29 U.S.C. § 207.

46. Per the FLSA, Plaintiff, and those similarly situated, seek all available damages including but not limited to wages, liquidated damages, attorneys' fees, punitive damages and costs.

47. Plaintiff, on her behalf and all others similarly situated who consent in writing to join this action seek, on this First Claim for Relief, a judgment for unpaid overtime wages, unpaid minimum wages, and additional liquidated damages of 100% of any unpaid minimum (if any) and/or overtime wages, with such sums to be determined on an accounting of the hours worked by, and wages actually paid to, the named Plaintiff and any such other person who consent to join this action. Plaintiff also seeks an award of attorneys' fees, interest and costs as provided for by the FLSA, as well as punitive damages if viable.

///

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140, 608.016)

48. Plaintiff realleges and reincorporates each allegation set forth above.

49. NRS 608.140 provides that an employee has a private right of action for unpaid wages and may be entitled to attorneys' fees as costs of suit: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit." On or about July 20, 2018, Plaintiff made demand for unpaid wages upon Defendant pursuant to NRS 608.140 but satisfactory payment was not received. Defendant did not respond to Plaintiff's demand.

50. NRS 608.016 states, "An employer shall pay to the employee wages for each hour the employee works." Hours worked means anytime the employer exercises "control or custody" over an employee. *See,* NRS 608.011 (defining an "employer" as "every person having control or custody … of any employee."). Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." NAC 608.115(1).

51. By failing to compensate Plaintiff, and those similarly situated for the time spent engaged in work activities described above, Defendant also failed to pay Plaintiff, and those similarly situated for all hours worked in violation of NRS 608.140 and 608.016.

52. Plaintiff, and those similarly situated should have received their regular rate of pay, or the minimum wage, whichever is higher, in a sum according to proof for the hours worked, but not compensated, during the Class Period. Defendant therefore owes Plaintiff, and those similarly situated regular rate wages or minimum wages, whichever are higher, as well as liquidated damages in an equal amount to the wages owed, and has failed and refused, and continues to fail and refuse, to pay Plaintiff, and those similarly situated the amounts owed.

53. Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations of NRS 608.140 and 608.016 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

54. Wherefore, Plaintiff, and those similarly situated, demand for themselves and for Class Members that Defendant pay Plaintiff, and those similarly situated, their regular hourly rate of pay for all hours worked for three years from the date of filing this complaint until the date of judgment in this action together with attorneys' fees, costs, and interest as provided by law.

### THIRD CLAIM FOR RELIEF

**(Failure to Pay Minimum Wages in Violation of the Nevada Constitution)**

55. Plaintiff realleges and reincorporates each allegation set forth above.

56. Article 15 Section 16 of the Nevada Constitution sets forth the requirements the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of this section may not be waived by agreement between an individual employee and an employer… An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief.

An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

57. By failing to compensate Plaintiff, and those similarly situated, for the time spent engaging in work activities identified above, Defendant failed to pay Plaintiff, and those similarly situated, minimum wages for all hours worked in violation of the Nevada Constitution.

58. Wherefore, Plaintiff, and those similarly situated demand for themselves payment by Defendant at their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all hours worked during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

## FOURTH CLAIM FOR RELIEF

**(Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050)**

59. Plaintiff realleges and reincorporates each allegation set forth above.

60. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

61. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

62. NRS 608.040(1)(a-b), in relevant part, states that "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

///

63. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

64. By failing to pay Plaintiff, and those similarly situated, who are former employees of Defendant all their wages owed for all hours worked in violation of NRS 608.140, 608.016, the Nevada Constitution, and 608.018, Defendant has failed to timely remit all wages due and owing to Plaintiffs and Class Members who are former employees.

65. Despite demand, Defendant willfully refuses and continues to refuse to pay Plaintiff, and those similarly situated, who are former employees all the wages that were due and owing upon the termination of their employment.

66. Because there is no express statute of limitations for violations of NRS 608.020-050 and NRS 608.140, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

67. Wherefore, Plaintiff, and those similarly situated, demand thirty (30) days wages under NRS 608.040 and NRS 608.140, and thirty (30) days wages under NRS 608.050 and NRS 608.140, together with attorneys' fees, costs, and interest as provided by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all others similarly situated, prays for judgment against Defendant as follows:

1. For an order conditionally certifying this action under the FLSA and providing notice to all members of the Class so they may participate in this lawsuit;

///

2. For an order certifying this action as a class action under FRCP Rule 23 on behalf of each of the Class Members;

3. For an order appointing Plaintiff as the representative of the Class and their counsel as Class Counsel;

4. For damages according to proof for regular rate pay under federal laws for all hours worked;

5. For damages according to proof for minimum rate pay under federal law for all hours worked;

6. For damages according to proof for overtime compensation at the applicable rate under federal law for all hours worked over 40 per week;

7. For liquidated damages pursuant to 29 U.S. C. § 216(b);

8. For damages according to proof for regular rate or minimum wage rate, whichever is higher, under NRS 608.140, 608.016, and the Nevada Constitution, for all hours worked;

9. For thirty (30) days wages pursuant to NRS 608.140 and NRS 608.040;

10. A declaratory judgment that the practices complained of are unlawful under the FLSA, §§ 201 *et seq.*;

11. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all other persons acting in concert with it, from engaging in each of the unlawful acts, policies, practices, etc., set forth herein;

12. An award of damages, including liquidated and exemplary damages and waiting time penalties and other statutory penalties;

13. For interest as provided by law at the maximum legal rate;

14. For reasonable attorneys' fees authorized by statute;

15. For costs of suit incurred herein;

16. For pre-judgment and post-judgment interest, as provided by law, and

17. For such other and further relief as the Court may deem just and proper.

Dated this 10th day of August 2018.   **HATFIELD & ASSOCIATES, LTD.**

By: /s/ *Trevor J. Hatfield*

Trevor J. Hatfield, Esq. (SBN 7373)
703    South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
*Attorney for Plaintiff*